UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEDITERRANEAN SHIPPING CO. S.A. and
MEDITERRANEAN SHIPPING CO. (USA) INC.,

Plaintiff(s),

-against-

LYNCH INTERNATIONAL, INC.,

Defendant(s).

1:07-cv-11068-MGC

AFFIDAVIT FOR
JUDGMENT BY DEFAULT

STATE OF NEW YORK    )
                     )  ss.:
COUNTY OF NEW YORK   )

JORGE A. RODRIGUEZ, being duly sworn, deposes and says:

1. I am a member of the Bar of this Court and am associated with the firm of MAHONEY & KEANE, LLP, attorneys for plaintiff in the above-entitled action and I am familiar with all the facts and circumstances in this action.

2. I make this affidavit pursuant to Rule 55.1 and 55.2(a) of the Civil Rules for the Southern District of New York, in support of plaintiff's application for the entry of a default judgment against defendant LYNCH INTERNATIONAL, INC.

3. Herewith attached are true copies of the following:

(1). Summons and Complaint;

(2). Affidavit of Service;

(3). Statement of damages;

(4). Clerk's certificate; and

(5). Proposed order

4.      This is an action to recover $12,720.00 owed by defendants to plaintiff for unpaid detention charges. (Ex. 1).

5.      Jurisdiction of the subject matter is based on 28 USC § 1333 and admiralty/maritime jurisdiction. (Id.).

6.      This action was commenced on or about December 6, 2007 by the filing of the summons and complaint. (Id.). A copy of the summons and complaint was served on defendants on December 18, 2007 by personal service on "Jane Doe", authorized by appointment or law to receive service of process, at the defendant's place of business. Proof of service by the Special Process Server was filed. (Ex. 2). The defendants have not answered the complaint and the time for the defendants to answer the complaint has expired.

7.      This action seeks judgment for the liquidated amount of $12,720.00, plus costs, fees and disbursements, for a total of $13,149.95, as shown in the annexed statement of damages, which is justly due and owing, and no part of which has been paid. (Ex. 1, 3).

8.      The defendant is not an infant or incompetent.

9.      No part of the judgment sought has been paid by defendant, although duly demanded.

10.     The disbursements sought to be taxed have been made in this action or will necessarily be made herein.

- 3 -

WHEREFORE, plaintiff requests the entry of Default and the entry of the annexed Judgment against defendant.

Dated: New York, New York

February 11, 2008

By: _____
Jorge A. Rodriguez (JR 2162)

Sworn to before me this

__11__ day of February, 2008

_____
Notary Public

GARTH S. WOLFSON
NOTARY PUBLIC
State of New York No. 02WO5076941
Qualified in New York County
Term Expires  4/28/2011

- 3 -

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

MEDITERRANEAN SHIPPING CO. S.A.
and MEDITERRANEAN SHIPPING CO.
(USA) INC.,

        Plaintiff(s),

-against-

LYNCH INTERNATIONAL, INC.,

        Defendant(s).

**SUMMONS IN A CIVIL ACTION**

Case No. 07-CIV 11068

**TO**: (name and address of defendants)

LYNCH INTERNATIONAL INC.
34-37 65th Street
Woodside, NY 11377

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY
(name and address)

MAHONEY & KEANE, LLP
111 Broadway, 10th Floor
New York, NY 10003
(212) 385-1422

an answer to the complaint which is served on you with this summons, within **twenty (20)** days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**

DEC 0 6 2007

CLERK

DEPUTY CLERK

DATE

07 CV 11068

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEDITERRANEAN SHIPPING CO. S.A. and MEDITERRANEAN SHIPPING CO. (USA) INC., <br><br> Plaintiff(s), <br><br> -against- <br><br> LYNCH INTERNATIONAL, INC., <br><br> Defendant(s). | 07 CIV  <br> COMPLAINT |

PLEASE TAKE NOTICE that Plaintiff(s), MEDITERRANEAN SHIPPING CO. S.A. and MEDITERRANEAN SHIPPING CO. (USA) INC., (collectively "MSC"), by their attorneys, MAHONEY & KEANE, LLP, as and for a Complaint against Defendant(s), LYNCH INTERNATIONAL, INC., ("LYNCH"), allege, upon information and belief, as follows:

1. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based upon 28 U.S.C. § 1333, as well as the Court's pendent, supplementary and ancillary jurisdiction.

2. Plaintiff MEDITERRANEAN SHIPPING CO. S.A. is a legal entity duly organized and existing pursuant to the laws of a foreign country.

3. Plaintiff MEDITERRANEAN SHIPPNG CO. (USA) INC. is a legal entity duly organized and existing pursuant to the laws of the United States.

4. Defendant LYNCH INTERNATIONAL, INC. is a business entity organized and existing pursuant to the laws of the United States with offices and a place of business located at 34-37 65th Street, Woodside, NY 11377.

5. The United States District Court for the Southern District of New York is the proper venue for this action, as Plaintiff MSC resides and/or maintains a principal place of business in the Southern District of New York.

6. Plaintiffs sue on their own behalf and as agents and trustees on behalf of any other party who may now have or hereinafter acquire an interest in this action.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT LYNCH

7. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "6" as if specifically set forth herein at length.

8. At all times relevant herein, Defendant LYNCH entered into agreements, service contracts, contracts of affreightment, charter agreements and/or bills of lading, with Plaintiff for the carriage, storage, handling, care and/or maintenance of Defendant's cargoes by Plaintiff in consideration for payments by Defendant to Plaintiff for said services.

9. Plaintiff duly performed all duties and obligations required to be performed by Plaintiff in connection with Defendant's goods.

10. Defendant wrongfully, willfully, negligently and/or fraudulently breached the terms of the subject agreement(s) by, *inter alia*, failing to pay freight, dead freight, demurrage, detention, port fees, tariffs and other associated costs.

11. As a result of Defendant's breach of the subject agreements and Plaintiff has incurred, and will continue to incur, costs and expenses for which Defendant is liable under the terms of the agreements and at law.

12. Plaintiff has placed Defendant on notice of its claim that Defendant has breached the subject agreements and violated Plaintiff's rights under the law.

13. Despite Plaintiff's repeated demands, Defendant has failed to pay the Plaintiff's

damages due and owing under the agreements and at law.

14. By reason of the foregoing, Plaintiff has sustained damages in the amount of $12,720.00, together with interest, costs, fees, and expenses.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT LYNCH

15. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "14" as if specifically set forth herein at length.

16. Defendant has an account stated with the Plaintiff.

17. By reason of the foregoing, Plaintiff has sustained damages in the amount of $12,720.00, together with interest, costs, fees, and expenses.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT LYNCH

18. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "17" as if specifically set forth herein at length.

19. Plaintiff is due from Defendant the quantum meruit of Plaintiff's services.

WHEREFORE, Plaintiff prays:

(A). that judgment be entered in favor of Plaintiff for an amount exceeding **twelve thousand seven hundred and twenty dollars** $12,720.00, plus interest, fees, including attorneys' fees, costs, and disbursements;

(B). that Court process be issued against the Defendant; and

(C). that Plaintiff be granted such other and further relief as the Court may deem just and proper.

Dated: New York, New York

December 5, 2007

By: _____

MAHONEY & KEANE, LLP
Attorneys for Plaintiffs
MEDITERRANEAN SHIPPING CO. S.A. and
MEDITERRANEAN SHIPPING CO. (USA) INC.

Jorge A. Rodriguez (JR 2162)
111 Broadway, Tenth Floor
New York, New York 10006
Tel (212) 385-1422
Fax (212) 385-1605
Our File No. 12/3506/B/07/12

SERVICE LIST

LYNCH INTERNATIONAL INC.
34-37 65th Street
Woodside, NY 11377

COURT OF THE STATE / CITY OF NEW YORK
COUNTY OF: SOUTHERN DISTRICT   ATTORNEY: JORGE A. RODRIGUEZ, ESQ.

| | |
|---|---|
| MEDITERRANEAN SHIPPING CO., ET AL.<br>- against -<br>LYNCH INTERNATIONAL, ET AL | Petitioner(s)<br>Plaintiff(s)<br>Respondent(s)<br>Defendant(s) |

AFFIDAVIT OF SERVICE

INDEX# 07 CV 11068

STATE OF: _NY_ - COUNTY OF: _Suffolk_ ss:

_Curtis Warner_, being duly sworn deposes and says deponent is not a party to this action, is over the age of 18 and resides in _NY_.
That on date/time: _12-18-07 5:39 PM_, at _34-37 65th ST. WOODSIDE NY 11377_
deponent served the within: SUMMONS, COMPLAINT
[X] Summons, Spanish summons & complaint, the language required by NRCRR 2900.2(e), (f) & (h) was set forth on the face of the summons(es)

On: LYNCH INTERNATIONAL INC.
[ ] Defendant [ ] Respondent [ ] Witness (hereinafter called the recipient) therein named.

**INDIVIDUAL** [ ]
By personally delivering to and leaving with said LYNCH INTERNATIONAL, INC.
and that he knew the person so served to be the person mention and described in said SUMMONS, COMPLAINT

**CORPORATION** [X]
By delivering to and leaving with _"Jane Doe" refused identity_
at _34-37 65th Street, Woodside, NY 11377_
and that he knew the person so served to be the _authorized agent_ of the corporation.

**SUITABLE AGE PERSON** [ ]
Service was made in the following manner after your deponent was unable with due diligence to serve the defendant in person:
By delivering a true copy thereof to and leaving with _____
a person of suitable age and discretion at _____
the said premises being the recipient's [ ] Dwelling/Usual place of abode [ ] Actual place of business within the State of New York.

**AFFIXING TO DOOR, ETC.** [ ]
By affixing a true copy thereof to the door of said premises, the same being the recipient's
[ ] Dwelling/Usual place of abode [ ] Actual place of business within the State of New York. Deponent had previously attempted to serve the above named recipient on/at: 1.____ 2.____ 3.____
Deponent spoke with _____ who stated to deponent that the said recipient(s) lived at the aforementioned address, but did not know recipient's place of employment.

**MAILING TO RESIDENCE** [ ]
(Use with C or D)
Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to recipient to recipient's last known residence at _____
and deposited said envelope in an official repository under the exclusive care and custody of the US Postal Service within New York State on _____

**MAILING TO BUSINESS** [ ]
(Use with C or D)
Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to recipient to recipient's actual place of business at _____
in an official repository under the exclusive care and custody of the US Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the recipient and mailed on _____

[X] DEPONENT STATES THAT THE INDEX # AND FILING DATE WERE CLEARLY VISIBLE ON THE SUMMONS. DESCRIPTION OF THE RECIPIENT OR OTHER PERSON SERVED OR SPOKEN TO ON BEHALF OF THE RECIPIENT IS AS:

**VOID WITHOUT DESCRIPTION** (Use with A,B,C,D)

| | | | | | |
|---|---|---|---|---|---|
| [ ] Male | [X] White Skin | [ ] Black Hair | [ ] White Hair | [ ] 14-20 Yrs. | [ ] Under 5' | [ ] Under 100 Lbs. |
| [X] Female | [ ] Black Skin | [X] Brown Hair | [ ] Balding | [ ] 21-35 Yrs. | [ ] 5'0"-5'3" | [ ] 100-130 Lbs. |
| | [ ] Yellow Skin | [ ] Blonde Hair | [ ] Moustache | [X] 36-50 Yrs. | [X] 5'4"-5'8" | [ ] 131-160 Lbs. |
| | [ ] Brown Skin | [ ] Gray Hair | [ ] Beard | [ ] 51-65 Yrs. | [ ] 5'9"-6'0" | [X] 161-200 Lbs. |
| | [ ] Red Skin | [ ] Red Hair | [ ] Glasses | [ ] Over 65 Yrs. | [ ] Over 6' | [ ] Over 200 Lbs. |

Other identifying features: _____

**WITNESS FEE** [ ]
Witness fee of $0 the authorizing traveling expenses and one day's witness fee:
[ ] was paid (tendered) to the recipient [ ] was mailed to the witness with subpoena copy.

**MILITARY SERVICE** [X]
I asked the person spoken to whether defendant was in active military service of the United States or of the state of New York in any capacity whatsoever and received a negative reply. Defendant wore civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations above narrated.

Subscribed and Sworn to me this
___ day of _December_, 2007
Notary Signature: _Carla M Ellis_
Name of Notary / Commission Expiration

I, _Curtis Warner_,
was at the time of service a competent adult not having a direct interest in the litigation.
I declare under penalty of perjury that the foregoing is true and correct.

_Cwar_   _12-18-07_
Signature of Process Server   Date
87-607

CARLA M ELLIS
NOTARY PUBLIC STATE OF NEW YORK
NO. 01EL_____
QUALIFIED IN SUFFOLK COUNTY
COMMISSION EXPIRES AUGUST 3, 20__

- 1 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEDITERRANEAN SHIPPING CO. S.A. and MEDITERRANEAN SHIPPING CO. (USA) INC., <br><br> Plaintiff(s), <br><br> -against- <br><br> LYNCH INTERNATIONAL, INC., <br><br> Defendant(s). | **1:07-cv-11068-MGC** <br><br> STATEMENT OF DAMAGES |

Principal amount ………………………………………………………………… $12,720.00

Costs and Disbursements:

    Clerk's filing fee…………………………………………………………….. $350.00

    Process server fee…………………………………………………………… $79.95

Total…………………………………………………………………………… $13,149.95

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEDITERRANEAN SHIPPING CO. S.A. and<br>MEDITERRANEAN SHIPPING CO. (USA) INC.,<br><br>Plaintiff(s),<br><br>-against-<br><br>LYNCH INTERNATIONAL, INC.,<br><br>Defendant(s). | 1:07-cv-11068-MGC<br><br>CLERK'S CERTIFICATE |

I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern District of New York, do hereby certify that this action commenced on December 6, 2007 with the filing of a summons and complaint, a copy of the summons and complaint was served on defendant by personally serving "Jane Doe", authorized by appointment or law to receive service of process, at defendant's principal place of business, and proof of such service thereof was filed on January 3, 2008.

I further certify that the docket entries indicate that the defendant has not filed an answer or otherwise moved with respect to the complaint herein. The default of the defendant is hereby noted.

Dated: New York, New York

February 6, 2008

J. MICHAEL MCMAHON
Clerk of the Court

By: _____
Deputy Clerk

- 1 -

- 1 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEDITERRANEAN SHIPPING CO. S.A. and MEDITERRANEAN SHIPPING CO. (USA) INC., <br><br> Plaintiff(s), <br><br> -against- <br><br> LYNCH INTERNATIONAL, INC., <br><br> Defendant(s). | 1:07-cv-11068-MGC <br><br> DEFAULT JUDGMENT |

This action having been commenced on December 6, 2007 by the filing of the Summons and Complaint, and a copy of the Summons and Complaint having been personally served on the defendant, LYNCH INTERNATIONAL, INC. ("LYNCH") on December 18, 2007, by serving said documents on "Jane Doe", authorized by appointment or law to receive service of process, at defendant's principal place of business, and a proof of service having been filed on January 3, 2008 and the defendant not having answered the Complaint, and the time for answering the Complaint having expired, it is

ORDERED, ADJUDGED AND DECREED: That the plaintiffs have a judgment against defendant in the liquidated amount of $12,720.00, plus costs and disbursements of this action in the amount of $429.95, amounting in all to $13,149.95.

Dated: New York, New York

March _____, 2008

_____
U.S.D.J.